## Stuart Robinson *v.* City of Louisville.

**Municipal Corporation—Assessment of Agricultural Land for Purpose of Taxation—Taking Private Property Without Compensation.**

Although, at the time of the assessment of the real estate of appellant for taxation, it was not within reach of particular city privileges, such as water, gas and regular police protection, and was used for farming, grazing and horticultural purposes only, but these facts alone are not sufficient to exempt the same from taxation for city purposes.

---

---

APPEAL FROM JEFFERSON COURT COMMON PLEAS.

May 25, 1871.

OPINION BY JUDGE LINDSAY:

Although at the time of the assessment of the tax complained. of, the real estate of appellant was not within reach of particular city privileges, such as water, gas, and regular police protections. Nor within one one one-fourth miles of a city school, yet it seems from the agreed facts that his premises were skirted on the west by Sixth street leading directly into the heart of the city, and which was then graded and opened for the use of the public. That west of his said premises many lots had been laid out and sold, some of which belonged to appellants, that three lots are conceded to be legitimate subjects of city taxation. "That south of his premises for a distance of more than half a mile lots had been laid out and streets and alleys designated, and although very little building had been done, none of the lots further south had been sold for as much as $22.00 per front foot. And that appellant himself had laid off out of the eastern portion of his land lots fronting on Third street turnpike and disposed of the same for as much as $80.00 per front foot."

It is true that appellant's lands are used for farming, grazing and horticultural purposes, and that such as he has retained have not been laid out into lots; but these facts alone are not sufficient to exempt the same from taxation for city purposes. *Arbegust vs. Louisville,* 2d Bush, 271. Considering all the facts presented by the record we are not prepared to decide that the Act of the General Assembly subjecting appellant's real estate to such taxation was a palpable and flagrant abuse of legislative discretion so much so that at first blush it strikes the mind as the taking of private property without compensation, or that it is apparent that the burden was imposed without any view whatever to the interest of the propery owner in the objects to be accomplished by its collection and expenditure.

Conceiving that the facts of this case do not bring it within the principle governing the action of this court in the case of *Covington vs. Southgate,* 15th B. Monroe, 330; but that it is similar in all its essential features to the cases of *Cheaney vs.*

*Howes,* 9th B. Monroe, 330, and the later case of *Abregust vs. City of Louisville.* We are constrained to concur with the court below in the conclusions reached by that tribunal.

Wherefore its judgment must be affirmed.

*Caldwell, Young, for appellant.*

*Barnett, for appellee.*